U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

(Rev. 54/9/06)
JUN 17 2015

TONY R. MOORE, CLERK
BY _____
       DEPUTY


UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| Grand Isle Shipyard, Inc.<br>Plaintiff | Civil No. 15-cv-0124 |
| VS.<br>Black Elk Energy Offshore Operations, LLC<br>Defendant | Judge Haik<br>Magistrate Judge C. Michael Hill |

## RULE 26(f) REPORT

Trial Date: May 2, 2016 at 9:30 a.m. in Lafayette

Pretrial Conference Date: April 12, 2016 at 3:30 p.m. in Lafayette

Type of Trial: ☐ JURY  ☒ BENCH

Estimated length of trial is 3 court days.

1. **Participants:**

    Daniel B. Stanton for Defendant, Black Elk Energy Offshore Operations, LLC ("BEEOO")
    Micheal J. O'Brien for Defendant, BEEOO
    David M. Korn for Plaintiff, Grand Isle Shipyard, Inc. ("GIS")
    Allen C. Miller for Plaintiff, GIS
    MaryJo L. Roberts for Plaintiff, GIS

2. **Affirmation Regarding Initial Disclosures:**

    The Parties affirm that they have complied with the Initial Disclosure requirements set forth in the Scheduling Order. Initial Disclosures were exchanged by both Parties on May 13, 2015.

3. **Jurisdictional Basis:**

    This matter was removed to federal court on the basis of diversity jurisdiction.

*(Rev. 5/19/06)*

## 4. Brief Description of Claims:

Plaintiff
GIS filed suit against BEEOO alleging unpaid funds for labor, material, supplies, machinery, fuel, goods, and services it provided in support of BEEOO's operations on various leases. GIS has filed an Oil Well Lien Act claim and privilege against BEEOO and has requested a Writ of Sequestration against the leases owned and operated by BEEOO to satisfy GIS' lien and privilege. Additionally, GIS has alleged: breach of contract, bad faith breach of contract, detrimental reliance, and quantum meruit. GIS seeks enforcement of its lien and privilege, judgment in its favor on the prinicipal amount plus costs and attorneys' fees, damages for breach and bad faith breach of contract and detrimental reliance. In the alternative, GIS asserts that the doctrine of quantum meruit entitles it to relief.

Defendant
BEEOO has answered, denied the claims of GIS, and filed a counterclaim against GIS. GIS provided goods and services to BEEOO pursuant to a December 20, 2008, Master Service Agreement. GIS did not perform in accordance with the terms and conditions of this contract by providing substandard services and/or goods in derogation of its contractual obligations. GIS also improperly used labor that subcontracted without authorization from BEEOO, which is a further violation of the Master Service Agreement, overbilled BEEOO for their subcontracted labor, and further the result of these breaches was an explosion and fire aboard BEEOO's West Delta 32 platform that resulted in substantial damage to BEEOO property. As a result of this BEEOO alleges causes of action for fraud, negligence, beach of contract, breach of warranty, and setoff and recoupment. BEEOO seeks compensation for damages suffered as a result of the West Delta 32 explosion and fire and GIS' contractual breached.

Damages & Applicable Law
The claims of the Parties include breach of contract, bad faith breach of contract, fraud, negligence, breach of warranty, detrimental reliance, quantum meruit, setoff and recoupment. BEEOO alleges that its damages are in excess of $11,973,912.84 and that the applicable law is general maritime law.

## 5. Brief Statement of Responses:

GIS' Response to Counterclaim of fraud, gross negligence, breach of contract, breach of warranty, set off & recoupmemnt - GIS denies all claims and liability and asserts that BEEOO's claims are without basis. GIS' twenty two (22) affirmative defenses are set forth in full at Rec. Doc. 16.

BEEOO denies that it owes GIS any compensation for the substandard goods and/or services provided by GIS in derogation of the Master Service Agreement. Should BEEOO found to be indebted to GIS, any recover of GIS should be offset by the damages caused by GIS to BEEOO's West Delta 32 platform.

The Parties assert that the cause of action at issue raise issues of law, fact, and contractual interpretation.

*(Rev. 5/19/06)*

6. **Anticipated Amendments to Pleadings and Motions:**

   GIS has already filed an Amended Complaint. GIS does not anticipate any further amended pleadings at this time. GIS anticipates filing a Motion for Summary Judgment on any issues on which there are no genuine issues of material fact.

   The Parties anticipate filing a motion to consolidate the matters currently pending in the Western District of Louisiana.

7. **Anticipated Expert Witnesses:**

   The Parties are still determining which expert witnesses they will utilize, if any.

8. **Discovery Plan:**

   The Parties have received a discovery plan in the Scheduling Order previously issued in this case and believe that it will suffice.

9. **Stipulations:**

   The parties have not agreed to any stipulations at this time.

10. **Major Issues of Fact and Law in Dispute:**

    BEEOO alleges that the major issues of fact and law invoke GIS' breach of its obligations under the December 30, 2008, Master Service Agreement, the damages resulting therefrom, and the liability of GIS for those damages.

    GIS maintains that it is entitled to judgment as a matter of law and believes that BEEOO's counterclaims are frivolous.

11. **Related Case Information:**

    Related cases:
    - Grand Isle Shipyard, Inc. v. Black Elk (Energy) Offshore Operations, LLC, Civil Action No. 15-129, EDLA, Judge Nannette Jolivette Brown, Magistrate Judge Michael North
    - Grand Isle Shipyard, Inc. v. Black Elk (Energy) Offshore Operations, LLC, Civil Action No. 15-152, EDLA, Judge Nannette Jolivette Brown, Magistrate Judge Michael North
    - Grand Isle Shipyard, Inc. v. Black Elk (Energy) Offshore Operations, LLC, Civil Action No. 15-153, EDLA, Judge Nannette Jolivette Brown, Magistrate Judge Michael North
    - Grand Isle Shipyard, Inc. v. Black Elk (Energy) Offshore Operations, LLC, Civil Action No. 15-905, EDLA, Judge Nannette Jolivette Brown, Magistrate Judge Michael North
    - Grand Isle Shipyard, Inc. v. Black Elk (Energy) Offshore Operations, LLC, Civil Action No. 15-00129, EDLA, Judge Nannette Jolivette Brown, Magistrate Judge Michael North

- Grand Isle Shipyard, Inc. v. Black Elk Energy Offshore Operations, LLC, Civil Action No. 15-124, EDLA, Judge Richard T. Haik, Magistrate Judge C. Michael Hill
- Grand Isle Shipyard, Inc. v. Black Elk Energy Offshore Operations, LLC, Civil Action No. 15-126, EDLA, Judge Richard T. Haik, Magistrate Judge C. Michael Hill

- Grand Isle Shipyard, Inc. v. Black Elk Energy Offshore Operations, LLC, Civil Action No. 125467, 16th Judicial District for the Parish of Iberia, Division C, Judge Vincent J. Borne
- Edna Tajonera, et al. v. Black Elk Energy Offshore Operations, LLC, et al., Civil Action Nos. 13-366 c/w 13-0550, 13-2496, 13-5137, 13-5508, 13-6022, 13-6099, 13-0366, 13-6413, 14-374, 14-1714, EDLA, Judge Nannette Jolivette Brown, Magistrate Judge Michael North [GIS disputes that the Tajonera consolidated cases are related to GIS' claims in this matter]

The related cases pending in federal and state court involve claims to enforce liens, seek damages regarding unpaid invoices for other oil/gas properties, and personal injuries and property damage resulting from the West Delta 32 explosion and resulting fire.

## 12. Rule 16 Conference:

The Parties do not believe that a Rule 16 conference with the Magistrate Judge is necessary.

## 13. Alternative Dispute Resolution (ADR):

The Parties affirm that they are aware of their clients desires as to ADR and the Parties do not believe that ADR would be effective at this time.

## 14. Consent Trials:

All Parties do not consent to trial by Magistrate.

## 15. Track Assignment:

The Parties believe that the case's assignment to the general civil track will be sufficient.

## 16. Electronic Courtroom:

The Parties have just begun to engage in discovery and responsive documents have not yet been produced. At this juncture, the Parties do not anticipate that the case will be a document intensive case.

## 17. Electronically Generated Exhibits or Aids:

The Parties may use electronically generated exhibits or aids such as charts, graphs, and spreadsheets reflecting payments received, and amounts outstanding. The Parties may also use electronic aids and exhibits to articulate the terms of the Master Service agreement, the layout of the West Delta 32 platform and its equipment, the acts of alleged negligence, and the causes of the explosion and fire aboard the West Delta 32.

*(Rev. 5/19/06)*

### 18. Phase II Discovery:

At this time, the Parties would like the Phase II discovery to remain in the Scheduling Order.

### 19. Handicap Provisions:

The Parties do not anticipate the need for disability accomodations.

I HEREBY CERTIFY THAT THE FOREGOING IS ACCURATE AND COMPLETE.

June 10, 2015
(Date)

(Original or FAX[1] Signatures of Trial Counsel)

---

[1] The district judges of the Lafayette Division have authorized the use of facsimile signatures in lieu of original upon Rule 26(f) Reports (formerly Joint Status Reports) only.